(No. 5048–

GEORGE E. BEARDSLEY, AUDREY ANDERSON, JOHN W. HUNT, RAND MCNALLY AND COMPANY, and ILLINOIS BELL TELEPHONE COMPANY, Claimants, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1962.*

JOHN W. HUNT, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General, for Respondent.

TOLSON, C. J.

On July 2, 1962, the several claimants in the above entitled cause joined in a complaint seeking an award for services and materials furnished the Illinois Industrial Development Authority.

The case was submitted to this Court by a stipulation of fact joined in by all claimants and respondent, and is set forth as follows:

"Claimants, George E. Beardsley, Audrey Anderson, John W. Hunt, Rand McNally and Company, and Illinois Bell Telephone Company, by John W. Hunt, their attorney, and respondent, State of Illinois, by William G. Clark, Attorney General of the State of Illinois, its attorney, hereby stipulate and agree as follows:

(1) The 1961 General Assembly of the State of Illinois passed, and the Governor of the State of Illinois approved a statute entitled 'An Act to create the Illinois Industrial Development Authority for the purpose of creating and increasing job opportunities in labor surplus areas of the State of Illinois, to define its powers and duties, to provide for the transfer of funds in the State treasury, and to make an appropriation in connection therewith.' (Ill. Rev. Stats., 1961, Chap. 48, Pars. 831-847.) The bill for that Act was H.B. No. 1618 of the 1961 General Assembly.

(2). Section 19 of said Act (not printed in Ill. Rev. Stats., 1961) provided as follows:

'The sum of $100,000, or so much thereof as may be necessary, is appropriated to the Illinois Industrial Development Authority created by this Act for the ordinary and contingent expenses of such Authority.'

(3) The Illinois Industrial Development Authority created by said Act was duly organized for the transaction of business at a meeting called for such purpose held at Room 3900, Prudential Plaza, Chicago, Illinois on October 11, 1961.

(4) By Resolution No. 4, duly adopted at said organizational meeting and never thereafter altered or rescinded, said Authority employed claimant George E. Beardsley as its General Manager commencing as of October 12, 1961 to serve for the term provided in the by-laws (i.e., during the pleasure of the Authority), with compensation at the rate of $12,000 per year. By said Resolution No. 4 said Authority, in addition, authorized the General Manager to employ, for and on behalf of the Authority, a secretary-clerk, with compensation not to exceed a rate of $450 per month.

(5) Claimant George E. Beardsley duly qualified for employment as General Manager of said Authority. His employment in such capacity commenced as of October 12, 1961 and continued through March 22, 1962, during all of which time he faithfully and diligently performed his duties as said General Manager.

(6) Pursuant to said Resolution No. 4, claimant George E. Beardsley, on or about February 28, 1962, employed, for and on behalf of said Authority, claimant Audrey Anderson as secretary-clerk with compensation at the rate of $425 per month. Claimant Audrey Anderson's employment commenced as of February 28, 1962 and continued through March 22, 1962, during all of which time she faithfully and diligently performed her duties as said secretary-clerk.

(7) By Resolution No. 5 duly adopted at the aforesaid organizational meeting of said Authority, which resolution was never thereafter altered or rescinded, said Authority employed claimant John W. Hunt as general attorney to said Authority commencing as of October 12, 1961, to serve in such capacity until further action of the Authority, with compensation on the following basis:

(a) For general services, the sum of $25 per hour for time actually expended;

(b) For services in any litigation, the sum of $25 per hour for time actually expended;

all conditioned upon said claimant providing his own office space, secretarial help, supplies, and the like at his own expense, with the Authority to be obligated only for such expenses, e. g., long-distance telephone charges and travel expenses, as are customarily borne by the client of an attorney.

(8) Claimant John W. Hunt commenced serving in the capacity of general attorney to said Authority as of October 12, 1961 and continued to serve in such capacity through March 22, 1962, during all of which time he faithfully and diligently performed his duties as general attorney to said Authority.

(9) By voucher No. 66 of said Authority, dated March 19, 1962, claimant George E. Beardsley, for and on behalf of said Authority, submitted to Michael J. Howlett, as State Auditor of Public Accounts of the State of Illinois, a request for payment from the State treasury of his compensation and that of claimant Audrey Anderson for the period March 16, 1962 through March 31, 1962. Pro-rating the compensation shown on said voucher No. 66 for the period March 16, 1962 through March 22 (rather than March 31), 1962, the amount of compensation for which payment was requested for said period (namely, March 16 through March 22, 1962) was as follows:

George E. Beardsley_____$241.99
Audrey Anderson_____$102.83

(10) By voucher No. 69 of said Authority, dated March 19, 1962, George E. Beardsley, for and on behalf of said Authority, submitted to said Michael J. Howlett, as State Auditor of Public Accounts for the State of Illinois, a request for payment from the State treasury · of compensation for John W. Hunt for legal services rendered as general attorney to said Authority for the period March 1, 1962 through March 15, 1962 in the amount of $712.50.

(11) By voucher No. 68 of said Authority, dated March 19, 1962, George E. Beardsley, for and on behalf of said Authority, submitted to said Michael J. Howlett, as State Auditor of Public Accounts for the State of Illinois, a request for payment from the State treasury of the sum of $57.20 to claimant Rand McNally and Company representing the purchase price of a commercial atlas purchased by said Authority from said claimant and delivered to said Authority on or about March 14, 1962.

(12) By voucher No. 70 of said Authority, dated March 19, 1962, George E. Beardsley, for and on behalf of said Authority, submitted to said Michael J. Howlett, as State Auditor of Public Accounts for the State of Illinois, a request for payment from the State treasury of the sum of $53.53 to claimant Illinois Bell Telephone Company representing payment for telephone services furnished to said Authority by said claimant during the period December 19, 1961 through January 19, 1962.

(13) On March 23, 1962, the Illinois Supreme Court filed its opinion in a certain cause known as *Franklin B. Bowes, Et Al*, vs. *Michael J. Howlett, Auditor of Public Accounts of the State of Illinois, Et Al*, docket No. 37014. The effect of this opinion was to declare unconstitutional the

statute described in paragraph (1) hereinabove. Petitions for rehearing were denied on May 23, 1962.

(14) As a result of said opinion of the Illinois Supreme Court, the State of Illinois, acting by and through the said Michael J. Howlett, as State Auditor of Public Accounts for the State of Illinois, has refused and persists in refusing to issue warrants for the payment of the vouchers of said Authority described in paragraphs (9) through (12) hereinabove, notwithstanding the fact that all goods and services for which said vouchers were drawn and submitted to said Michael J. Howlett were furnished and performed prior to the date of said opinion of the Illinois Supreme Court.

(15) Of the sum of $100,000 appropriated in 1961 to the Illinois Industrial Development Authority, as set forth in paragraph (2) hereinabove, a sufficient amount remains unexpended to pay all claims joined in the complaint herein in full.

(16) No assignment or transfer of any of the claims joined in the complaint herein, or any part thereof, or any interest therein, has been made. Each claimant is justly entitled to the amount in the complaint herein claimed from the State of Illinois, after allowing all just credits."

An examination of the case referred to in the stipulation discloses that a taxpayer's suit was filed in the Circuit Court of Cook County attacking the constitutionality of the Authority. The plaintiffs sought to enjoin the Auditor and the Treasurer from disbursing public funds, and the chairman and members of the Authority from receiving or disbursing funds under the provisions of the legislation.

The trial court entered a declaratory judgment pronouncing the several acts as valid, and dismissed the complaint. On appeal, our Supreme Court reversed the judgment of the trial court, and said:

"While the Act contains a severability clause, we fail to see how the purpose of the Act could be carried out even though it be assumed that it is constitutional but for the appropriation feature. The legislative plan, as expressed by the legislation, is dependent upon the ability of the Authority to raise money. The removal of Section 18 from tthe Act introduces with full impact the limitation of section 7 on borrowing, and thus for practical purposes renders the Act ineffective in its present form.

"In view of our holding, it is unnecessary to consider other constitutional questions raised by plaintiff."

In the instant case, claimants are requesting an award for services and materials furnished in good faith

to an Authority created under a law, which the Supreme Court has found to be unconstitutional. If such an award could be made, the Legislature would in turn be called upon to implement the award with an appropriation from public funds.

Article IV, Section 19 of the Constitution of the State of Illinois, prohibits the General Assembly from paying any agent, servant or contractor, after services have been rendered, under any agreement or contract made without express authority of law. *Fergus* vs. *Brady*, 277 Ill. 272.

Since the Act creating the Authority is unconstitutional, and the Auditor and Treasurer are enjoined from disbursing public funds, there would be no way that the General Assembly could make a valid appropriation, as there is no existing law.

An award will, therefore, be denied.